GEO. K. PORTER, Appellant, v. H. H. HAIGHT et al., Respondents.

No. 2773; March 8, 1872.

**Convict Labor—Contract for.—A Board of Directors** of the state prison cannot make a contract for convict labor which shall extend beyond the limits of their term of office.

APPEAL from Seventh Judicial District, Marin County.

B. S. Brooks for appellant; Hambleton & Gordon for respondents.

See Porter v. Haight, 45 Cal. 631.

NILES, J.—In July, 1863, the board of directors of the state prison made a contract with the plaintiff for the employment by the latter of certain convict labor for the period of three years. In May, 1865, the members of the board having

been changed by new election, the contract, in a modified form, was extended by the then existing board for the period of four years from the first day of September, 1866. In April, 1868, the defendants, then constituting the board of directors as successors to the board last above named, notified the plaintiff that they deemed and held the contract theretofore made between him "and the former board of directors, to be of no effect or binding force upon the present directors, or the state of California, after the expiration of the term of office of the former board," and that they would thereafter demand an increased price for convict labor. The plaintiff protested against this action, and refused to comply with the terms imposed. Thereupon the board withheld from the plaintiff the convict labor. The action is in trespass, against the defendants individually.

Upon these facts proven, the defendants moved for a nonsuit upon the grounds, among others, that the contract was unauthorized by law. A judgment of nonsuit was rendered, and from that judgment, and from the order refusing a new trial afterward entered, plaintiff appeals.

By the act of April 24, 1858 (Stats. 1858, p. 259), it is provided that "the governor, lieutenant governor, and secretary of state, are hereby constituted a board of directors, whose duty it shall be to take charge of the state prison at San Quentin, and have the management and control of the state prison convicts. Said board shall have full and exclusive control of all the state prison grounds, buildings, prisoners, prison labor, prison property, and all other things belonging or pertaining to said state prison." I do not think that a board of directors can make a contract for convict labor which shall extend beyond the limits of their term of office. If such contract may be made for an unlimited time, it is obvious that it would be in the power of the board to seriously trammel its successors in the performance of their required duties. Each board is required by law to assume and exercise "full and exclusive control of all . . . . prisoners, prison labor, prison property, and all other things belonging or pertaining to said state prison." It is difficult to see how this could be accomplished in the face of a binding contract for prison labor made by their predecessors.

A board can only contract for that labor which was intrusted to it for the time being. That is the only labor over which it has control. It cannot dispose of prison labor beyond the limit of its term of office, any more than it could interfere in other ways in the discretionary exercise of power by its successors: Trask v. State, 32 N. J. L. 479.

I am of opinion that the nonsuit was properly granted. Judgment and order affirmed.

We concur: Wallace, C. J.; Crockett, J.